IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Holloway, Jr., ) | C/A No. 8:15-3606-MGL-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Tony Davis; Greenwood Sheriff Dept., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Robert Holloway, Jr. ("Plaintiff"), proceeding pro se, brings this civil action against Tony Davis and the Greenwood County Sheriff's Department. Plaintiff is a non-prisoner, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff, a resident of Greenwood, South Carolina, seems to allege the following pertinent facts. In a prior civil action, *Holloway v. South Carolina Dep't of Corr.*, No. 2:00-2112-PMD, the Court ordered that "South Carolina is not to have issuance and service of process with notification of Robert Holloway, Jr. . . . further . . . Robert Holloway, Jr. has relief for issuance and service of process and settlement which hasn't been paid." [Doc. 1.] Tony Davis, the Greenwood County Sheriff ("Davis") and the Greenwood County Sheriff's Department continue to use Plaintiff's "issuance and service of process and use service of process against [Plaintiff] when courts to[ld] them not to do so." [*Id.*] Thus, Plaintiff alleges Defendants have violated a pending prior federal civil action that "has not been settled." [*Id.*]

Moreover, Plaintiff alleges Defendants have interfered with a federal investigation by the Internal Revenue Service. [*Id.*] And, Plaintiff seems to contend he wrote the Federal Election Commission seeking to run for President, but it has not responded to his request. [*Id.*]

For his relief, Plaintiff seeks millions of dollars in damages. [*Id.*] He also requests that "Davis and others be charged, fired, and locked up for interfering with a federal investigation." [*Id.*]

This Court takes judicial notice that Plaintiff filed a prior civil action in this Court against the South Carolina Department of Corrections and South Carolina.[1] *See* Report and Recommendation, *Holloway v. South Carolina Dep't of Corr.*, C/A No. 2:00-02112-PMD-RSC (D.S.C. July 20, 2000), ECF No. 3. At the time Plaintiff filed the civil action in 2000, he was incarcerated at Lee Correctional Institution; he filed the action pursuant to 42 U.S.C. § 1983 alleging unconstitutional prison conditions. *Id.* at 2. This Court summarily dismissed that case without issuance and service of process because the defendants had Eleventh Amendment immunity from suit and they were not "persons" subject to suit pursuant to § 1983.[2] *See* Order, *Holloway*, C/A No. 2:00-02112-PMD-RSC (D.S.C. Sept. 7, 2000), ECF No. 10.

---

[1] It is appropriate for this Court to take judicial notice of Plaintiff's prior cases. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[2] This Court noted that Plaintiff's pleadings were, for the most part, incoherent. *See* Order, *Holloway*, C/A No. 2:00-02112-PMD-RSC (D.S.C. Sept. 7, 2000), ECF No. 10 at 3.

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal.

The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **DISCUSSION**

It is difficult to decipher Plaintiff's factual allegations, legal claims, and the alleged subject matter jurisdiction to permit him to bring this action in this Court. [*See* Doc. 1.] Giving liberal construction to the Complaint, there may be several purported claims—a state law claim based on diversity subject matter jurisdiction for breach of settlement agreement; a claim based on federal question subject matter jurisdiction for violating a prior federal court order; and a claim based on federal question subject matter jurisdiction for interfering with a federal investigation. [*Id.*] However, none of these purported claims are sufficient to establish subject matter jurisdiction or allege a plausible claim that should be served. *See Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (explaining that where a plaintiff invoking § 1331 "pleads a colorable claim 'arising under' the Constitution or laws of the United States," he invokes federal subject matter jurisdiction) (citation omitted).

Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v.*

*Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014), *cert. denied* 135 S. Ct. 1893 (2015).

Ordinarily, a claim of breach of settlement agreement is a state law breach of contract claim that may be filed in federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *Medicine Shoppe Int'l, Inc. v. Siddiqui*, 549 F. App'x 131, 134–35 (4th Cir. 2013) (noting that breach of settlement agreement was brought in the court based on diversity jurisdiction). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West Virginia Energy Co.*, 636 F.3d at 103. Plaintiff's allegations indicate that all parties are domiciled in South Carolina. Thus, complete diversity is lacking. Accordingly, this Court has no diversity jurisdiction over this action.

Of course, if a plaintiff's complaint raises a federal question, this Court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. A federal question relates to an action "'. . . arising under the Constitution, laws, or treaties of the United States.'" *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (citation omitted). Here, Plaintiff does not plausibly allege a violation of the United States Constitution or any federal law. His allegation that Defendants have interfered with a federal investigation such that Davis should be "charged, fired, and locked up" seems to suggest that Plaintiff desires to initiate a criminal prosecution against Davis. However, such

a claim has no basis in law. Plaintiff cannot have this Court prosecute criminal charges against Defendants as "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

Additionally, to the extent Plaintiff asserts that Defendants have violated a prior federal court order entered by this Court in his prior case, *Holloway*, C/A No. 2:00-02112-PMD-RSC, such an allegation does not state a plausible claim. As noted above, this Court summarily dismissed that case without issuance and service of process on the defendants because they had Eleventh Amendment immunity from suit and they were not "persons" subject to suit pursuant to § 1983. *See* Order, *Holloway*, C/A No. 2:00-02112-PMD-RSC (D.S.C. Sept. 7, 2000), ECF No. 10. That prior Order did not allow Defendants to be served with legal process related to that lawsuit; it did *not* give Plaintiff any future rights that nobody could serve him with legal process. And, it did *not* provide for a monetary settlement to be paid to Plaintiff. Therefore, this Court's Order entered on September 7, 2000, in C/A No. 2:00-02112-PMD-RSC , does not provide a basis for filing this civil action.

Moreover, because Plaintiff seeks damages, both Defendants have Eleventh Amendment immunity from suit in this Court. Sheriffs' departments in South Carolina are state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550; 1975 S.C.Att'y.Gen'l.Op. No. 47 (Jan. 22, 1975); S.C. Code Ann. § 23-13-10, which provides that

only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff; *see also Edwards v. Lexington Cnty. Sheriff's Dep't*, 688 S.E.2d 125, 127 n.1 (S.C. 2010) ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."); *Allen v. Fid. and Deposit Co.*, 515 F. Supp. 1185, 1189–91 (D.S.C. 1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *aff'd*, 694 F.2d 716 (4th Cir. 1982); *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State."). Indeed, any damages to Plaintiff, if awarded in this case, would be paid by the South Carolina State Insurance Reserve Fund. *Comer*, 88 F.3d at 1332 ("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund.").

The Eleventh Amendment grants the State of South Carolina, and its agents and instrumentalities, immunity from suit in this federal Court. "[W]e have understood the Eleventh Amendment to confirm the structural understanding that States entered the Union with their sovereign immunity intact . . . .'" *Virginia Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637-38 (2011). "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Id.* (citations omitted). The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *Id.*, 1637 n.1. *See also Pennhurst*

*State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).

Under *Pennhurst State Sch. & Hosp.*, a State must expressly consent to suit in a federal district court, which South Carolina has not done.  *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). Accordingly, the Greenwood County Sheriff's Dept., a state agency, should be dismissed based upon Eleventh Amendment immunity.

Similarly, Davis in his official capacity as the Greenwood County Sheriff should be dismissed based upon Eleventh Amendment immunity.  To the extent Plaintiff brings suit against Davis in his official capacity and seeks damages, the Eleventh Amendment protects Davis from being sued in federal court.  *See Bland v. Roberts*, 730 F.3d 368, 390–91 (4th Cir. 2013).  A suit against the Sheriff in his official capacity, as an official representative of the government, is a suit against the government.  *See Brooks v. Arthur*, 626 F.3d 194, 201–03 (4th Cir. 2010).

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **Plaintiff's attention is directed to the important notice on the next page.**

September 30, 2015                           s/Jacquelyn D. Austin
Greenville, South Carolina                   United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).